IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00070-DDD-MEH

DENISE MICHELLE HARPER,

      Plaintiff,

v.

ARROW ELECTRONICS, INC., and
JULIE A. MAHONEY, M.D.,

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Arrow Electronics, Inc.'s ("Arrow") Motion to Dismiss and Motion for Judgment on the Pleadings. ECF 74. Plaintiff Denise Harper, proceeding pro se, brings this lawsuit against Arrow and Dr. Julie A. Mahoney, M.D. Arrow moves for dismissal on the basis of Fed. R. Civ. P. 12(b)(6) and 12(c) for all of Plaintiff's claims against it. The Motion is fully briefed, and the Court finds that oral argument would not assist in its adjudication. The Court respectfully recommends granting the Motion.

## BACKGROUND

      For the purposes of this recommendation, the Court accepts as true the factual allegations- as opposed to any legal conclusions, bare assertions, or conclusory allegations that Plaintiff raises in her Complaint. ECF 8; *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (accepting as true a plaintiff's factual allegations for purposes of Fed. R. Civ. P. 12(b)(6) analysis).

The Court draws on the facts alleged in this case and in *Harper v. Arrow*, No. 19-cv-2791-MEH, 2021 WL 37665 (D. Colo. Jan. 5, 2021) ("*Harper I*"). Plaintiff has repeatedly made references to that lawsuit in her Complaint and other filings for this case. In this suit, her claims are drawn on much of the same facts from *Harper I*.

## I.      Underlying Events

Plaintiff was hired by Arrow on January 11, 2016 for a position within the Supplier Accounting Department. *Harper I*, at *2. Plaintiff received medical care from Dr. Mahoney beginning in August 2016 for an ovarian cyst and other medical conditions. ECF 8 at 4. At that time, Plaintiff requested disability benefits and leave from Arrow. *Id*. Arrow manages these requests through a third party, Liberty Life Assurance Company ("Liberty"). ECF 89 at 1-2.

Plaintiff underwent surgery on September 22, 2016 to resolve these conditions. ECF 65-5. Dr. Mahoney was the operating physician for that surgery. *Id*. As alleged, Dr. Mahoney intentionally ignored "surgical complications" which caused Plaintiff other medical issues. ECF 8 at 4. Plaintiff was admitted into the ER two weeks after that surgery. *Id*. Following her ER visit, a disability claim was again filed by Arrow. *Id*. Purportedly, the filing "did not mention cysts were found inside [Plaintiff's] body two weeks after [the September] surgery." *Id*.

Plaintiff alleges that "Arrow's incomplete medical diagnosis caused physical harm as [Plaintiff] was diagnosed with cancer in 2018." ECF 8 at 4. She further claims that the cancer diagnosis was due to Arrow stating that there was "no ongoing issues after undergoing surgery in [August 2016]." *Id*. Plaintiff also states that had Arrow not minimalized the findings, the cyst would not have "matured and developed cancer." *Id*. at 5. Plaintiff asserts there is a 2018 disability claim which "discovered ovarian cancer" that Arrow (through Liberty) never disclosed to her. *Id*.

Furthering this, she claims that Defendants conspired to make false and incomplete statements when Plaintiff requested disability benefits. *Id*.

## II.    Past Federal Lawsuit in this Court

In 2019, Plaintiff filed suit against Arrow, Liberty, and several physicians. *Harper I*. Her complaint listed two claims: first, that Arrow discriminated against her on the basis of age and race in violation of the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act ("Title VII"); second, Liberty and the physicians discriminated against her on the basis of disability in violation of the Americans with Disabilities Act ("ADA"). *See generally* ECF 22. The ADA claim factually alleged that her medical records "from 2016 indicated future health problems." In her Second Amended Complaint in that case, Plaintiff stated she believed Liberty told Arrow she "would be a liability" and denied the disability benefits. *Id*. at 4. She also stated it her belief that Liberty "was told not to process [her] claims and denied them [from] May 22, 2019 to October 23, 2019." *Id*. at 5.

In *Harper I*, Magistrate Judge Gordon Gallagher informed Plaintiff that her ADA claim could only be brought against her employer, Arrow. ECF 4, 10, 16, and 21. Specifically, he told her that parties who were not her employer, such as Liberty and the physicians, could not be held liable under that statute. *Id*. He gave her leave to amend each time he explained this to her; nevertheless, Plaintiff continued to bring the second claim of ADA discrimination against Liberty and the physicians. Magistrate Judge Gallagher eventually recommended dismissal of the second claim sua sponte for being legally frivolous. ECF 25. In that recommendation, he recounted how he had informed her of the proper defendant party, and how bringing that claim against Liberty and the physicians was legally impermissible. *Id*. The district judge adopted the recommendation, dismissing it with prejudice. ECF 26. Plaintiff did not appeal this decision.

Later in that case, after it was drawn to the undersigned, Arrow moved for summary judgment on the remaining claim. ECF 94. I granted the summary judgment, finding that she failed to exhaust administrative remedies, failed to establish a prima facie case for discrimination and harassment under Title VII, and failed to establish a prima facie case for discrimination and harassment under the ADEA. *Harper,* No. 19-cv-02791-MEH, 2021 WL 37665 (D. Colo. Jan. 5, 2021). Plaintiff appealed that decision, and the Tenth Circuit affirmed. *Harper v. Arrow Electronics Inc.*, No. 21-1011, 2021 WL 6071625 (10th Cir. Dec. 21, 2021).

### III.    Other Lawsuits Brought by Plaintiff

The Court notices Plaintiff's other lawsuits which appear to pertain to the present action. Plaintiff has a past state lawsuit against Dr. Mahoney alleging medical malpractice. *Harper v. Mahoney*, 2021 WL 6848705 (Colo. Dist. Ct. 2021). There, Plaintiff claimed that Dr. Mahoney was neglectful by failing to extract her ovary, consult with a specialist, and properly interpret test results, among other allegations. *Id*. The set of facts in that case appear to be the same as those here, as both revolve around the September 2016 surgery. *Id*. Ultimately, that case went to trial and the jury returned a verdict in Dr. Mahoney's favor. *Id*.

Plaintiff has a pending Chapter 7 Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the Southern District of Illinois. *In re Harper*, No. 21-30816-lkg (Bankr. S.D. Ill.). According to Arrow's Motion and attached exhibits, she originally filed for bankruptcy on November 30, 2021. ECF 74; ECF 74-5. In that filing, Plaintiff had not stated an intention to bring this lawsuit. ECF 74-5. In February 2022, she filed an Amended Schedule C for her bankruptcy. ECF 74-7. This was done after initiating the present case, yet she again failed to list this lawsuit. ECF 74; ECF 74-7.

IV.     **Present Lawsuit**

Plaintiff commenced this lawsuit on January 10, 2022, attempting to bring causes of action under Title 18 U.S.C. § 1035 and Colo. Rev. Stat. § 18-5-211. See ECF 8. She alleges that Defendants violated those statutes by purportedly engaging in insurance fraud. *Id*. Plaintiff claims that Defendants purposefully lead her to believe her medical conditions were improving and intentionally worked together to deny her disability benefits. Id. 4-6. She further states that by doing so, she has suffered bodily harm. *Id*. The Court notices that in her Response, Plaintiff states that "the issues [of] this case [are] the reason Arrow [] discriminated against me. I [] reported [those] issue[s] in [*Harper I*.]" ECF 89 at 4.

## LEGAL STANDARDS

I.     **Fed. R. Civ. P. 12(b)(6) and 12(c)**

A Fed. R. Civ. P. 12(c) motion for judgment on the pleadings must be evaluated using the same standard for motions under Rule 12(b)(6). *Brown v. Montoya*, 662 F.3d 1152, 1160 n.4 (10th Cir.2011). The principal difference is that a 12(c) motion is typically filed after the filing of an answer which asserted a failure to state a claim under Rule 12(b)(6). *Id*.

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not

entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–80. Second, a court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, then the claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

### III.     Treatment of a Pro Se Plaintiff's Complaint

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [A] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interprets this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). That does not mean, however, that a court should "assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded." (*quoting Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989))).

## ANALYSIS

### I.     Res Judicata

Res Judicata bars re-litigation of issues that were or could have been the subject of a previously issued final judgment. *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). Three elements must exist in order to apply the doctrine: "(1) a judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id.* "[E]ven if these three elements are satisfied, there is an exception to the

application of claim preclusion where the party resisting it did not have a 'full and fair opportunity to litigate' the claim in the prior action." *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020) (quoting *Lenox MacLaren Surgical Corp. v. Medtronic, Inc*., 847 F.3d 1221, 1239 (10th Cir. 2017) (internal quotations omitted)). The Court finds that all three elements exist in the present case.

As to the first element, the law is clearly established that a dismissal with prejudice constitutes a judgment on the merits. *Phan v. Hipple*, 735 F. App'x 492, 495 (10th Cir. 2018) (quoting *Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986)). Plaintiff argues that because her ADA claim was dismissed without prejudice, she did not have an opportunity to litigate. I reject Plaintiff's argument for two reasons. First, Plaintiff's ADA claim was dismissed as it pertained to Liberty and the named physicians. *Harper I.* Dismissal was appropriate because Plaintiff attempted to sue improper parties for disability discrimination. She had been repeatedly made aware that she could only sue Arrow for the disability discrimination claim. Dismissal occurred only after she again made that pleading mistake in an amended complaint. Second, the ADA claim was specifically dismissed with prejudice. *Harper I*, ECF 26.

I find that the second element of res judicata is present. "Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same." *Lowell Staats Mining Co. v. Phila. Elec. Co*., 878 F.2d 1271, 1275 (10th Cir. 1989). Here, there is no question that Arrow was a named party in *Harper I.* Therefore, there is privity between the parties.

I next consider whether there exists an identity of the cause of action in both suits. The Tenth Circuit has repeatedly held that "all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes." *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002) (quoting *Mitchell*

*v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000)). Courts analyze the two suits pragmatically and consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id*.

Here, there exists an identity of the cause of action. Each suit concerns Plaintiff's same medical conditions and requests for benefits. The only significant difference between the two suits is that in this case, Arrow is the proper defendant. Again, these same claims were dismissed with prejudice sua sponte after repeated failures to list Arrow as the defendant for the ADA claim. Plaintiff's current claim clearly falls within the same employment relationship to constitute the same series of transactions. The Complaint contains no well-pleaded facts of any conduct by Arrow that occurred after she brought *Harper I*. In short, the facts here are the same transaction as that in *Harper I*. Therefore, the third element of res judicata is present.

Even where the requisite elements of claim preclusion are present, its application is inappropriate if "the party seeking to avoid preclusion did not have a full and fair opportunity to litigate the claim in the prior suit." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (internal quotations omitted). "The primary concern is that the prior judgment was procured in a manner that satisfies due process." *Id*. The fairness of the prior proceeding "is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties." *Nwosun v. Gen. Mills Rest., Inc*., 124 F.3d 1255, 1257–58 (10th Cir. 1997). Contrary to Plaintiff's assertions, the record from *Harper I* indicates that Plaintiff had a full and fair opportunity to litigate her claims.

Plaintiff argues that the present suit cannot be barred because her prior ADA benefits claim was dismissed without prejudice. However, this argument goes to the merits of the Court's

decision. First, that claim was dismissed with prejudice after repeated opportunities to amend. Second, the merits of a decision do not "deprive the defendants in the second action of their right to rely upon the plea of res judicata." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). In other words, a judgment, even one "based upon an erroneous view of the law, is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action." *Id*. Plaintiff never appealed the judgment. "The fact that [s]he did not present a procedural challenge on appeal does nothing to diminish the opportunity that [s]he had to do so; [s]he simply lost her chance." *Spencer*, 950 F.3d at 710. The remaining claim was decided on summary judgment, which the Tenth Circuit affirmed.

The doctrine of res judicata applies as a bar to all of Plaintiff's claims. Consequently, Arrow's Motion should be granted in full. Moreover, because the claims are subject to res judicata, the dismissal should be with prejudice. *Phan v. Colo. Legal Servs.*, 769 F. App'x 520, 526 (10th Cir. 2019).

## II.    Judicial Estoppel

Arrow argues that Plaintiff is judicially estopped from commencing this lawsuit due to her current bankruptcy proceedings. It states that Plaintiff has twice failed to list this lawsuit as an asset in her bankruptcy filings, and that a failure to do so is perjury.

"The doctrine of judicial estoppel is designed 'to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *BancInsure, Inc. v. FDIC*, 796 F.3d 1226, 1239–40 (10th Cir. 2015) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001)). Three factors are relevant to a judicial estoppel analysis:

First, courts ask whether a party's later position is "clearly inconsistent" with its former position. Second, courts ask whether the party "succeeded in persuading a

10

> court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." And third, courts consider "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

*Id*. at 1240 (quoting *New Hampshire v. Maine*, 532 U.S. at 750–51).

The Tenth Circuit has held that failure to disclose lawsuits in Chapter 7 bankruptcy proceedings supported application of judicial estoppel. *Ordonez v. Canyons Sch. Dist*., 788 Fed. App'x 613 (10th Cir. 2019). In *Ordonez*, the plaintiff attempted to file a charge against the defendant with the Equal Employment Opportunity Commission ("EEOC"). *Id*. at 614. A day prior to the EEOC accepting the plaintiff's charge, the plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court for the District of Utah. *Id*. When she filed her statement of financial affairs in the bankruptcy proceeding, she failed to disclose her pending claim against the defendant. *Id*. About two years later, she received a right-to-sue letter from the EEOC and then filed suit against the defendant. *Id*. In 2017, the plaintiff reopened her bankruptcy proceeding, amended her statement of financial affairs, and again did not disclose her claims against the defendant. *Id*. at 614-15. While the plaintiff's bankruptcy proceedings were ongoing in those courts, the magistrate judge recommended that summary judgment be granted to the defendant on the basis of judicial estoppel. *Id*. at 615. "The magistrate judge reasoned that [the plaintiff] had adopted an inconsistent position when she represented to the bankruptcy courts that she did not have any [] proceedings, lawsuits, or other damage claims, even while pursuing her EEOC claim." *Id*. The magistrate judge also noted how the plaintiff had learned in 2017 that she "should have disclosed her EEOC filings during her bankruptcy." *Id*. The district court adopted the recommendation, and Tenth Circuit affirmed. The Tenth Circuit explained that "[e]ven if [plaintiff] asserts that her failure to disclose her claim before February 2017 was the result of a mistake . . . that failure could still support

judicial estoppel." *Id*. at 617. The Tenth Circuit did not permit the plaintiff to fault others for the failure to include required information financial disclosure forms. *Id*. (citing *Eastman v. Union Pac. R.R. Co.*, 493 F.3d 1151, 1157 (10th Cir. 2007).

Judicial estoppel applies here. Plaintiff filed for Chapter 7 bankruptcy shortly before initiating this lawsuit. In her original bankruptcy statement, Plaintiff did not disclose an intent to bring the present case. Then in February of 2022, she filed an amended statement which again failed to disclose this lawsuit, which was an active case by that point. Plaintiff takes the inconsistent position of cloaking this lawsuit in the bankruptcy court despite simultaneously pursuing these claims. Should her debts be discharged by the bankruptcy court, Plaintiff would gain an unfair advantage. Like the plaintiff in *Ordonez*, Plaintiff should be judicially estopped from proceeding with the present case.

## III.   Failure to State a Claim

Even if not barred by res judicata, Plaintiff still has not pleaded a cognizable claim. In the Tenth Circuit, federal criminal statutes do not generally give rise to a private action. "[D]ismissal . . . was proper because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).  When determining whether a criminal statue precludes civil enforcement, courts look to the language of the statute itself. *Touche Ross v. Reddington*, 442 U.S. 560, 568 (1979). If the statute provides for fines, penalties, and incarceration for violating the statute, then private persons may not file suit to enforce. *Id*.

The federal law at issue here is Title 18 U.S.C. § 1035, titled, "False statements relating to health care matters." It prohibits the same, reading:

(a) Whoever, in any matter involving a health care benefit program, knowingly and willfully--

(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; or

(2) makes any materially false, fictitious, or fraudulent statements or representations, or makes or uses any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 5 years, or both.

(b) As used in this section, the term "health care benefit program" has the meaning given such term in section 24(b) of this title.

Title 18 U.S.C. §1035.

Reading its plain terms, the statute prohibits making false statements concerning health care benefit programs. If violated, prosecutors may impose a fine or imprisonment of up to five years, or both, if violated. It does imply that Congress intended to create a private cause of action. Nor is there any inference that a class of persons was created or protected by its enforcement. As applied here, this Court cannot find that Plaintiff has brought a cognizable cause of action under the statute. Indeed, federal courts uniformly hold that this statute does not permit a private cause of action. *See Williams v. Messa*, No. 21-cv-01660-DAD-BAM, 2022 WL 2872978, at *8-9 (E.D. Cal. Jul. 21, 2022); *Mercer v. Westchester Med. Ctr.*, No. 21-cv-8268-LTS, 2021 WL 5567617, at *3 (S.D.N.Y. Nov. 29, 2021). Necessarily, Plaintiff's claim under this statute must be dismissed.

Plaintiff has one remaining claim, brought under Colo. Rev. Stat. § 18-5-211. Title 28 U.S.C. § 1367(a) gives district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." However, a district court is permitted to decline exercising supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." §1367 (c) (3). Here, I recommend declining to extend jurisdiction as to the remaining state law claim, as the federal law claims should be dismissed.

## IV.    Dismissal of the Lawsuit as it Pertains to Dr. Mahoney

Dismissal of Plaintiff's claims as they concern Arrow does not end the analysis. Courts may dismiss claims *sua sponte* pursuant to Rule 12(b)(6) "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Curley v. Perry,* 246 F.3d 1278, 1281–82 (10 Cir. 2001). Therefore, the Court will proceed to determine whether dismissal of the entire case is proper pursuant to *Curley*.

Again, Plaintiff cannot pursue a private right of action under Title 18 U.S.C. §1035, and this Court should decline to extend supplemental jurisdiction over Colo. Rev. Stat. § 18-5-211. She has a past lawsuit in which she was could have amended her complaint to include Dr. Mahoney. She has fully litigated a medical malpractice claim based on the same facts. Plaintiff has had many opportunities to litigate the claims currently brought against Dr. Mahoney. Though she has not joined Arrow on its Motion, this Court respectfully recommends that the claims against Dr. Mahoney be dismissed with prejudice.

## V.    No Leave to Amend

Dismissal of a case is a harsh remedy, and a pro se litigant's pleadings are to be construed liberally. Generally, a court may give such a litigant the opportunity to amend the complaint to cure a pleading defect. *Hall*, 935 F.2d at 1109-10; *Reynolds v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). However, a court may dismiss a complaint without an opportunity to amend if "it is patently obvious that plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile." *Curly v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110).

Here, the Court finds, as a matter of law, that Plaintiff's claims are barred by res judicata, judicial estoppel, and failure to state a cognizable claim. No amendment would remedy these deficiencies. Additionally, Plaintiff was repeatedly made aware of the pleading deficiencies in her prior suit. Had she corrected those errors, she could have pursued her claims. She had ample opportunities to do so. Therefore, Plaintiff's claims should be dismissed without leave to amend.

## **CONCLUSION**

Accordingly, the Court respectfully recommends[1] **granting** Arrow's Motion [filed July 5, 2022; ECF 74]. The Court recommends further that all claims, including against Co-Defendant Dr. Mahoney, be dismissed with prejudice, and that this civil action be closed.

Respectfully submitted this 27th day of September 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty

United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.