**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:22-CV-00070-DDD-MEH

DENISE MICHELLE HARPER,

    Plaintiff,

v.

ARROW ELECTRONICS CORPORATION; and
JULIA A. MAHONEY,

    Defendants.

---

**ORDER ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING CASE**

---

*Pro se* Plaintiff Denise Harper brings this suit against Arrow Electronics Corporation, her previous employer, and Julie A. Mahoney, M.D., her former operating physician, for alleged violations of Title 18 U.S.C. § 1035 and Colo. Rev. Stat. § 18-5-211. (*See* Doc. 8.) Arrow moved to dismiss Ms. Harper's second amended complaint for failure to state a claim and judgment on the pleadings. (Docs. 74, 89.) The Court referred the motion to Magistrate Judge Michael E. Hegarty. (*See* Doc. 77.) Judge Hegarty now recommends granting Arrow's motion and dismissing this case. (Doc. 103.)

## BACKGROUND

Ms. Harper received medical care from Dr. Mahoney for an ovarian cyst and other medical conditions beginning August 2016. During this time, Ms. Harper was an employee of Arrow and requested disability benefits and leave for her medical issues. Arrow handles such requests

- 1 -

through a third-party entity called Liberty Life Assurance Company. Dr. Mahoney was the operating physician for Ms. Harper when she underwent surgery on September 22, 2016. (Doc. 65-8.) Ms. Harper alleges in the instant case that Dr. Mahoney intentionally ignored complications from the surgery thus resulting in an ER visit for further medical issues two weeks later. (*See* Doc. 8.) Arrow filed a disability claim for Ms. Harper, however, she contends that the filing was deficient as it failed to mention that cysts were found inside her body after the surgery. *Id.*

Ms. Harper alleges that she suffered physical harm due to Arrow's "incomplete medical diagnosis" because she was later diagnosed with cancer in 2018. *Id.* She contends that because Arrow did not mention in its filing that cysts were found inside her body two weeks after her initial surgery, such "minimalization" of events allowed the cysts to mature and develop into cancer. *Id.* Ms. Harper also alleges that Arrow and Dr. Mahoney conspired to "file incomplete, false statements on disability claims." *Id.*

Ms. Harper previously filed a lawsuit in 2019 with this Court against Arrow and several physicians based on claims of employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. ("*Harper I*".) Summary judgment was granted in favor of Arrow in *Harper I* on January 5, 2021, and final judgment was entered on that same day. The claims and underlying facts asserted in Ms. Harper's 2019 case are largely the same as those she asserts in the present case. Both cases arose out of the same medical conditions and requests for disability benefits.

## LEGAL STANDARD

"A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). But the Court cannot be a *pro se* litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). *Pro se* parties also must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223–24 (10th Cir. 2009). In both instances, courts look to the specific, nonconclusory allegations of the complaint to determine whether they plausibly support a legal claim for relief—that is, a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The Court accepts as true the well-pled factual allegations of the opposing party and draws all reasonable inferences in its favor. *See Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005).

Timely objections to a magistrate judge's recommendation on a dispositive issue require a de novo review of the objected-to issue. Fed. R. Civ. P. 72(b)(3). Objections, however, must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Insufficiently specific objections are

not entitled to de novo review, *id.*, and the Court therefore reviews such objections only to satisfy itself that there is "no clear error on the face of the record," Fed. R. Civ. P. 72(b) Advisory Committee Notes; *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

## DISCUSSION

Both Arrow and Judge Hegarty construed Ms. Harper's claims to be based on violations of criminal statutes 18 U.S.C. § 1035 and Colo. Rev. Stat. § 18-5-211. (Doc. 103.) Judge Hegarty recommends dismissing this case for a number of reasons. First, he concludes Ms. Harper's claims are barred from being relitigated as they were already raised and dismissed in *Harper I*. Second, because she failed to disclose this lawsuit in her Chapter 7 bankruptcy filings while this case was ongoing, Judge Hegarty held Ms. Harper should be judicially estopped from proceeding in this case. He also ruled that Ms. Harper fails to state a claim upon which relief can be granted because she bases her claims on a federal criminal statute which does not allow for a private right of action.

Judge Hegarty's Report and Recommendation is thorough and careful, and each of these explanations appears fatal to Ms. Harper's case. On my de novo review, however, it is sufficient hold that Ms. Harper has failed to state a federal claim because the federal criminal statute the case is based on does not provide for any private right of action. And since a district court generally should decline to exercise supplemental jurisdiction over state claims when it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(a), her Colorado claims will be dismissed as well.

The Court has liberally construed what it believes to be Ms. Harper's two objections to the recommendation that her claims be

dismissed. To the extent that only one of her objections was filed within the requisite time period, it makes no difference to the outcome of this case as the Court will dismiss Ms. Harper's claims on the merits.

This Court has reviewed *de novo* the pleadings in this case and, after liberally construing the pleadings and considering Judge Hegarty's recommendation, will overrule Ms. Harper's objections and grant Arrow's motion to dismiss.

Ms. Harper's federal claim must be dismissed because she has not pleaded a cognizable claim. Dismissal is required for civil actions that allege violations of federal criminal statutes that do not provide for a private right of action. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Schmeling v. NORDAM,* 97 F.3d 1336, 1344 (10th Cir.1996). Courts look to the language of the criminal statute to determine whether the statute precludes civil enforcement. *Touche Ross v. Reddington*, 442 U.S. 560, 568 (1979). If the statute provides for fines, penalties, and incarceration for violating the statute, then private persons may not file suit to enforce. *Id*.

Ms. Harper alleges violations of Title 18 U.S.C. § 1035, "False statements relating to health care matters." The statute provides:

(a) Whoever, in any matter involving a health care benefit
    program, knowingly and willfully-
(1)  falsifies, conceals, or covers up by any trick, scheme, or device
    a material fact; or
(2) makes any materially false, fictitious, or fraudulent statements
    or representations, or makes or uses any materially false
    writing or document knowing the same to contain any
    materially false, fictitious, or fraudulent statement or entry, in
    connection with the delivery of or payment for health care
    benefits, items, or services, shall be fined under this title or
    imprisoned not more than 5 years, or both.

> (b) As used in this section, the term "health care benefit program" has the meaning given such term in section 24(b) of this title.

Title 18 U.S.C. §1035.

The plain terms of the statute prohibit false statements regarding health care benefit programs. The statute allows prosecutors to impose a fine or imprisonment of up to five years, or both, if violated. The statute contains no language indicating that Congress intended to create a private cause of action, or that a class of persons was created or protected by its enforcement. Federal courts uniformly hold that Title 18 U.S.C. § 1035 does not create a private right of action. *See Williams v. Messa*, No. 21-cv-01660-DAD-BAM, 2022 WL 2872978, at *8-9 (E.D. Cal. Jul. 21, 2022); *Mercer v. Westchester Med. Ctr.*, No. 21-cv-8268-LTS, 2021 WL 5567617, at *3 (S.D.N.Y. Nov. 29, 2021). Because statute does not provide a private right of action, and Ms. Harper's federal claims must be dismissed. Because this legal flaw requires dismissing all of Ms. Harper's federal claims, I need not address the other reasons Judge Hegarty provided that the case could not go forward.

This also means Ms. Harper's state law claims must be dismissed. A district court will typically decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Gaston v. Ploeger*, 297 F. App'x 738, 746 (10th Cir. 2008) ("we have repeatedly recognized that this is the preferred practice"). For this reason I also dismissMs. Harper's claims based on state law.

## CONCLUSION

The Report & Recommendation of the Magistrate Judge (Doc. 103) is accepted and approved.

Defendant Arrow Electronics Corporation, Inc.'s Motion to Dismiss (Doc. 74) is GRANTED, and Ms. Harper's Objections (Doc. 105, 108) are OVERRULED.

The claims for damages against Arrow Electronics Corporation, Inc, and Julie A. Mahoney, M.D. are DISMISSED WITH PREJUDICE.

Ms. Harper also filed multiple motions that appear related to an attempt to appeal various rulings of Magistrate Judge Hegarty. (Docs. 113, 114, 116). As I have previously noted, because no final judgment had been entered in this case until now, there was nothing to appeal. And to the extent they were additional objections or briefs on her objections, they do nothing to change the outcome above, so those motions are DENIED AS MOOT. Once final judgment is entered in accordance with this order, Ms. Harper may, if she wishes, file an appeal of this judgment in accordance with the Federal Rules of Appellate Procedure.[1]

The Clerk of Court is directed to terminate this case.

DATED: December 1, 2022             BY THE COURT:

                                    Hon. Daniel D. Domenico

---

[1] The Court provides an appropriate form for a notice of appeal on its website: Forms | US District Court of Colorado (uscourts.gov)