IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00070-DDD-MEH

DENISE MICHELLE HARPER,

    Plaintiff,

v.

ARROW ELECTRONICS, INC., and
JULIE A. MAHONEY, M.D.,

    Defendants.

___

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
___

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Arrow Electronics, Inc.'s ("Arrow") Motion for Sanctions Pursuant to Fed. R. Civ. P. 11. ECF 115. Plaintiff responds in opposition (ECF 118), but Arrow does not reply. The Motion is now ripe for review, and the Court finds that oral argument would not assist in its adjudication. The Court respectfully recommends denying the Motion.

    Plaintiff brought suit against Arrow, her former employer, asserting a variety of discrimination-based claims for relief. This Court addressed her allegations and the record in depth in its Order granting Arrow's summary judgment motion. *Harper v. Arrow*, No. 19-cv-2791-MEH, 2021 WL 37665 (D. Colo. Jan. 5, 2021) ("*Harper I*").

    Preceding that summary judgment ruling, this Court had cautioned her about the way in which she was litigating her case at that particular time. In response to Plaintiff's incorrect assertion that she was disconnected from the November 3, 2020 discovery conference and her accusations of perjury and criminal wrongdoing against Arrow, this Court explained how it had:

> permitted Plaintiff to say anything she wanted at the conference, a permission as to which she took significant advantage. ECF 89. Additionally, this Court has repeatedly told Plaintiff that the relief she seeks (*e.g.*, judgment in her favor) is not the type the Court can grant. *See, e.g.*, ECF 86, 90. Moreover, Plaintiff is now alleging that the above-signed judicial officer "is paid and showing favoritism" and "working on . . . behalf [of Defendant] to hide" Plaintiff's claims. Mot. at 1–2. Taken as a whole, Plaintiff's claims and demands are frivolous. *See Echostar Satellite, L.L.C. v. Persian Broadcasting Co., Inc.*, No. 05-cv-00466-PSF-MEH, 2006 WL 8461605, at *1 (D. Colo. March 3, 2006) (citing *Dillingham v. Wainwright*, 422 F. Supp. 256, 261 (S.D. Fla. 1976) (describing the meaning of "frivolous")).

ECF 92 (filed in 19-cv-02791). This Court ordered Plaintiff to "cease filing inappropriate and frivolous motions, violation of which may result in sanctions up to and including dismissal of this case." *Id*.

On December 21, 2021, the Tenth Circuit affirmed the grant of summary judgment in Arrow's favor. ECF 126 (filed in 19-cv-02791). The Mandate issued on January 12, 2022. ECF 127 (filed in 19-cv-02791).

On January 10, 2022, Plaintiff commenced the instant civil action ("*Harper II*"). In summarizing her claims for relief, this Court observed how she was:

> attempting to bring causes of action under Title 18 U.S.C. § 1035 and Colo. Rev. Stat. § 18-5-211. See ECF 8. She alleges that Defendants violated those statutes by purportedly engaging in insurance fraud. *Id*. Plaintiff claims that Defendants purposefully lead her to believe her medical conditions were improving and intentionally worked together to deny her disability benefits. Id. 4-6. She further states that by doing so, she has suffered bodily harm. *Id*. The Court notices that in her Response, Plaintiff states that "the issues [of] this case [are] the reason Arrow [] discriminated against me. I [] reported [those] issue[s] in [*Harper I*]." ECF 89 at 4.

*Harper v. Arrow Elec., Inc.*, 22-cv-00070-DDD-MEH, 2022 WL 4482548, at *2 (D. Colo. Sept. 27, 2022). In her Response (ECF 118) to the present Motion for Sanctions, Plaintiff describes her *Harper II* lawsuit as based on the allegations that Arrow had lied in the information it had sent to the insurance company that was processing her disability benefit claim.

2

On September 27, 2022, this Court recommended dismissal of the *Harper II* lawsuit for a variety of legal defects. The Court cited the doctrines of res judicata and estoppel that her several previously commenced lawsuits implicated. *Harper I* and *Harper II* concerned identical causes of action given how:

> [e]ach suit concerns Plaintiff's same medical conditions and requests for benefits. The only significant difference between the two suits is that in this case, Arrow is the proper defendant. Again, these same claims were dismissed with prejudice sua sponte after repeated failures to list Arrow as the defendant for the ADA claim. Plaintiff's current claim clearly falls within the same employment relationship to constitute the same series of transactions. The Complaint contains no well-pleaded facts of any conduct by Arrow that occurred after she brought *Harper I*. In short, the facts here are the same transaction as that in *Harper I*. Therefore, the third element of res judicata is present.

*Harper*, 2022 WL 4482548 at *5.

In addition, this Court found no plausibly pleaded federal claim for relief and declined to extend its supplemental jurisdiction over the state law claim that she had brought under Colo. Rev. Stat. § 18-5-211. On December 1,2022, District Judge Domenico overruled her objections, denied the several motions she had filed in further opposition to it, adopted the Recommendation, and closed this case. ECF 119.

Now before the Court is Arrow's Motion for Rule 11 Sanctions for what it characterizes as Plaintiff's "protracted campaign of frivolous, repetitive, and harassing litigation against [it] and others." ECF 115 at 1.

Fed. R. Civ. P. 5 requires a litigant to provide a copy of a court filing to all other litigants. Likewise, Fed. R. Civ. P. 11(c)(2) required Arrow to provide Plaintiff with a copy of its Rule 11 Motion and to give her the opportunity to withdraw or correct "the challenged paper, claim, defense, contention, or denial." In compliance therewith, Arrow emailed a copy of its Motion to

3

Plaintiff explaining that it was doing so under Rule 11(c) before it actually filed the Motion with the Court. Plaintiff responded to Arrow's pre-filing notice by declaring:

> I wish for your clients to go to jail! God will meet them on judgment day. Relay this message to the liars who falsified claims and hoped no one would catch them. God already knows! It's sickening the career you have defending guilty people who would do the same to you!

ECF 115-1. Notably, Plaintiff does not defend–or even address–her email in her Response (ECF 118).

## **LEGAL STANDARD**

Fed. R. Civ. P. 11(b) obliges both attorneys and pro se litigants alike to ensure that every "pleading, written motion, or other paper" they submit to the Court:

(1) is not "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;"

(2) asserts "claims, defenses, and other legal contentions [that] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;"

(3) makes factual contentions that enjoy (or will after reasonable development) evidentiary support; or

(4) denies an opposing party's factual contentions only as "warranted by the evidence" or "reasonably based on belief or lack of information.

Even as a pro se party, Plaintiff still has an affirmative duty under Rule 11 to avoid baseless or frivolous lawsuits. *Casady v. Cherry Creek Sch. Dist. Bd. of Educ.*, No. 21-cv-02542-CMA-NYW, 2022 WL 3109599, at *10 (D. Colo. Jun. 23, 2022).

## ANALYSIS

In practical effect, Arrow argues that Plaintiff's prosecution of the instant lawsuit *on the whole* constituted a Rule 11(b) violation. It complains that not only did the basis of the lawsuit lack foundation, but she litigated it in a harassing way. This Court disagrees that the situation rises to the level of Rule 11 misconduct.

Arrow argues that the instant lawsuit (*Harper II*) was unnecessary because Plaintiff "had ample *opportunity* to fully litigate any and all claims she *may have had* against [it] in [*Harper I*]." ECF 115 at 5 (emphasis added). This is true to the extent this Court recommended dismissal on the basis of res judicata and judicial estoppel. However, this Court does not go so far as to say that Plaintiff knowingly and purposefully commenced *Harper II* simply to relitigate *Harper I* all over again. Plaintiff explains in her Response why she perceived *Harper II* to be different from *Harper I* (even if ultimately the Court's analysis of the full litigation history showed *Harper II* to implicate res judicata and estoppel as the law defines those doctrines). The simple fact that the doctrines of res judicata and estoppel applied to bar a claim does not automatically mean the claim was frivolous to justify Rule 11 sanctions.

Arrow also complains about Plaintiff's "incessant filings" which "amount[ed] to harassment" and which "needlessly increased the cost of litigation." *Id*. This Court does not construe her motion practice as vexatious. To the contrary, she brought matters to the Court's attention and asserted her positions in a way that was overall in line with matters as they arose developments and her pro se abilities. Any motion practice obviously increases litigation costs on the opposing party, but this Court sees no evidence of a *needless* litigation burden here. With the exception of the email that she recently sent Arrow in response to this Motion, this Court also sees

no vexatious *behavior* by Plaintiff over the course of litigating *Harper II* that rose to the level that this Court had addressed in *Harper I*. However, that occurred at the very end of litigation.

Arrow identifies no particular court filing that Plaintiff should have but did not withdraw after being informed of its frivolous or vexatious nature under Rule 11(c)(2)'s notification procedure. Arrow's grievance instead concerns the litigation on the whole, and after reviewing the merits of Plaintiff's claims, this Court dismissed the lawsuit. Viewed from this perspective, Arrow's Motion is moot.

Rather than seeking relief for having to respond to an individual filing in this lawsuit, Arrow instead asks this Court to fashion a sanction that will deter future litigation activity. This Court disagrees that the situation warrants the imposition of a filing restriction or monetary sanction as a means of deterrence. In practical effect, Rule 11 already serves that purpose. Over the course of *Harper I* and *Harper II*, this Court has informed Plaintiff of her Rule 11 obligations and the risks of non-compliance. Litigation activity on claims whose merits this Court already has addressed to date or vexatious behavior that this Court has identified as improper may constitute grounds for granting such relief should they reoccur.

## CONCLUSION

Accordingly, the Court respectfully recommends[1] that Arrow's Motion for Sanctions [filed November 14, 2022; ECF 115] be denied.

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after

Respectfully submitted this 12th day of December 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>